**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| United States of America, | ) | CR 11-1254-PHX-FJM |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Jerrod Darrell Aspa, | ) | |
| Defendant. | ) | |

The court has before it the government's Memorandum re: Restitution (doc. 86), to which no response has been received. The government asserts that it is not seeking restitution for the victim's future medical expenses because neither the Colorado River Indian Tribe nor the victim's family seek restitution for the victim.

Restitution to victims of violent offenses is mandatory under 18 U.S.C. §3663A. In the case of a victim under age 18, as here, a legal guardian or family member may assume the victim's rights under the statute. As noted, the government represents that the victim's family members are not interested in seeking restitution. Nor is the Tribe. Given the fact that the victim is highly likely to need medical and custodial care in the future, we can only speculate that the family and the Tribe have assumed that the defendant is not likely to ever be able to pay a restitution award, and therefore, why hire an expert to estimate an amount. The United States, too, could be a victim. It may have an obligation of care under a federally sponsored program. If so, it seems to be waiving its interest here, perhaps for the same

reason. We are not told. Of course, the minor's claim should be tolled during minority, and therefore there should be the option of a civil action at some future date should circumstances change, depending upon the availability of such actions under tribal law.

In any event, final judgment having been entered, and the government having decided to take no further action with respect to restitution, even on its own behalf, the judgment will not be amended.

DATED this 21st day of August, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge